Statement of Facts.

PER CURIAM:

We are of opinion that the learned judge below was right in refusing judgment for want of a sufficient affidavit of defence. As the case must go to a jury, we decline to discuss it, for obvious reasons.

Order affirmed.

J. J. SRODES v. R. J. BONHEYO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 4, 1889—Decided November 11, 1889.

A judgment of the court below, entered on a rule for judgment for want of a sufficient affidavit of defence, in an action by a vendor to recover in assumpsit an instalment of purchase money payable by the terms of an article of agreement for the sale of real estate, affirmed.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 176 October Term 1889, Sup. Ct.; court below, No. 381 June Term 1889, C. P. No. 1.

On April 17, 1889, John Jay Srodes brought assumpsit against R. J. Bonheyo. The statement of claim served with the writ set out a sealed contract dated October 10, 1888, wherein the plaintiff agreed to sell and the defendant to buy a certain parcel of land in Moon township for the sum of $3,000, payable $25 on the signing of the agreement, the receipt of which was acknowledged; $25 on November 8, 1888; $1,000 "before taking possession on April 1, 1889, and the balance as soon thereafter as the estate of Valentine Bonheyo" was settled, when a deed was to be executed and delivered. The statement averred, that though the plaintiff had performed every covenant in said contract contained and to be performed on his part, yet the defendant had not paid the instalment of purchase money payable on April 1, 1879, to wit $1,000, for which the suit was brought.

An affidavit and a supplemental affidavit of defence were filed, in which it was averred, in substance, that defendant did not take and demand possession of the land purchased, on April 1, 1889; that the contract was an entirety, and could not be sued on by piece-meal; that settlement of the estate of Valentine Bonheyo had not been completed, and the action for the $1,000 instalment was premature; that the plaintiff did not tender possession of the premises at any time, and, having a tenant in possession until suit brought, he could not have given possession; that the plaintiff's title to the possession was unmarketable and imperfect, and the premises were incumbered by leases and liens to an amount exceeding the amount sought to be recovered in the action.

On July 20, 1889, a rule for judgment for want of a sufficient affidavit of defence was made absolute and judgment entered for the plaintiff, without opinion or reasons filed (so far as the paper-books showed), the sum due being liquidated at $1,018.33. Thereupon the defendant took this appeal, assigning as error the order entering judgment for the plaintiff for want of a sufficient affidavit of defence.

*Mr. A. Blakeley* (with him *Mr. A. M. Blakeley*), for the appellant.

Counsel cited: Byrne v. Hayden, 124 Pa. 171; Prahl v. Smaltz, 6 W. N. 571; Irvin v. Bleakley, 67 Pa. 24; Hutchinson v. Woodwell, 107 Pa. 509.

*Mr. W. T. Tredway*, for the appellee, was not heard.

The brief filed cited: (1) Vulcanite Paving Co. v. Philad. Traction Co., 115 Pa. 280; Mathews v. Sharp, 99 Pa. 560; Dewey v. Dupuy, 2 W. & S. 556; Gould v. Gage, 118 Pa. 563. (2) Smith v. Patton, 1 S. & R. 84; Baum v. Dubois, 43 Pa. 260; Woods v. Watkins, 40 Pa. 458; Bryar v. Harrison, 37 Pa. 233.

PER CURIAM: